# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERRON WHITEHEAD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 14-977 |
| v. | ) | Related case: Criminal Action No. 12-98 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Judge Cathy Bissoon |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons stated below, the Government's Motion to Dismiss (Doc. 100) will be granted, and Petitioner's Motion to Vacate Sentence, pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Doc. 97), will be denied.[1] Additionally, Petitioner's Motion to Take Judicial Notice of Adjudicative Facts (Doc. 98) and Motion for Discovery (Doc. 99) will be denied as moot.

### BACKGROUND

On July 29, 2013, Petitioner pled guilty to a lesser included offense at Count I of the Indictment at Criminal No. 12-98. At that time, the Court was informed that the parties had entered into a plea agreement, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, which included a waiver of Petitioner's right to file a motion to vacate sentence under 28 U.S.C. § 2255. Upon conclusion of the hearing, the Court found Petitioner's plea to be both knowing and voluntary and accepted his plea of guilt. Subsequently, on November 14, 2013, the Court accepted the terms of the parties' plea agreement and sentenced Petitioner to 96 months imprisonment, which was the sentence explicitly agreed upon by the parties in their agreement.

---
[1] All citations to the docket are in criminal action number 12-cr-98, unless otherwise noted.

Petitioner has now filed the instant *pro se* § 2255 motion, arguing that he received ineffective assistance of counsel during plea negotiations. Petitioner contemporaneously filed a Motion to Take Judicial Notice of Adjudicative Facts (Doc. 88) and Motion for Discovery (Doc. 99), which both relate to the quantity of drugs attributed to Petitioner. Shortly thereafter, the Government, relying on the § 2255 waiver in the plea agreement, filed a Motion to Dismiss the § 2255 motion (Doc. 100), to which Petitioner has filed a response (Doc. 101).

**ANALYSIS**

Waivers of appeal rights are enforceable, provided that they are (1) "entered into knowingly and voluntarily" and (2) do not "work a miscarriage of justice." United States v. Marby, 536 F.3d 231, 237 (3d Cir. 2008). Here, Petitioner, in his response to the Government's motion to dismiss, does not appear to challenge the knowing and voluntary nature of his waiver, but instead, argues that enforcing it "would work a miscarriage of justice." Resp. (Doc. 101) at 5. The Court, however, "has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice, based on the record evidence before it." Marby, 536 F.3d at 237. As such, before enforcing the waiver, the Court will examine the record to ensure that Petitioner's waiver was knowing and voluntary, and that its enforcement will not work a miscarriage of justice.

With respect to the knowing and voluntary nature of Petitioner's § 2255 waiver, the Court has carefully examined both the terms of the parties' plea agreement and the transcript from the Change of Plea Hearing held on July 29, 2013 (Doc. 103). The written plea agreement was signed by both parties and clearly indicates that "Sherron Whitehead further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction and sentence." At

the Change of Plea Hearing, the Court informed Petitioner: "you have also waived the right to file a motion to vacate his sentence under 28 U.S.C. § 2255 and the right to file any other collateral proceeding attacking your conviction or sentence. Do you understand that?" Tr. (Doc. 103) at 13. Petitioner responded "yes" to the Court's question and did not indicate any misunderstanding with regard to the waiver. Id. The Court, after questioning Petitioner, found that he was both "competent and capable of entering an informed plea" and that his guilty plea was both "knowing and voluntarily made." Id. at 20. In light of the foregoing, and absent any argument or evidence from Petitioner to the contrary, the Court is convinced that Petitioner's waiver was indeed knowing and voluntary.

With respect to whether enforcement of the waiver would work a miscarriage of justice, the United States Court of Appeals for the Third Circuit has "adopted a common sense approach" to this inquiry. Marby, 536 F.3d at 242. Rather than identifying particular circumstances that amount to a miscarriage of justice, the Third Circuit has suggested several relevant factors to consider, including "the clarity of the error, its gravity, its character (*e.g.*, whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Id. at 242-43. The Third Circuit also has suggested that a miscarriage of justice could arise when a defendant's attorney was "ineffective or coercive in negotiating the very plea agreement that contained the waiver." Id. at 243; see also United States v. Akbar, 181 Fed. Appx. 283, 286 (3d Cir. 2006) ("[I]t is possible for there to be a miscarriage of justice when plea proceedings were tainted by ineffective assistance of counsel."). However, "a waiver does not become unenforceable simply because a defendant claims ineffective assistance, but only if the record of the criminal proceeding revealed that the

claim that the waiver was the result of ineffective assistance of counsel was meritorious." Akbar, 181 Fed. Appx. at 286-87 (internal quotations omitted).

Here, Petitioner's § 2255 motion lists two grounds for relief. First, Petitioner lists "Ineffective Assistance of Counsel During Plea Negotiations Where [the attorney] Waived My Rights to Collateral Attack Under 28 U.S.C. § 2255 & others." Mot. (Doc. 97) at 5. As supporting facts for this first ground, Petitioner merely states that his attorney "bargained for a waiver of my right to file a motion to vacate sentence, under 28 U.S.C. § 2255 on page 2 ¶ 4 and the right to file any other colattereral [sic] proceeding attacking my conviction or sentence." Id. Second, Petitioner lists "Ineffective Assistance of Counsel During Plea Negotiations Where [the attorney] Negotiated the Quantity Without Having the AUSA Prove the Factually [sic] Quantity." Id. As supporting facts for this second ground, Petitioner states that his attorney "bargained for a lesser included offense … [and] bargained on Page 2 ¶ 2 that I was responsible for the conduct charged in Count two of the indictment also." Id. Petitioner does not elaborate on these arguments, even when faced with the Government's motion to dismiss. Nor does Petitioner explain how his counsel was ineffective in bargaining for these particular plea agreement terms.

Upon careful review of these claims, and the record in this case, the Court finds simply no indication that Petitioner received ineffective assistance of counsel, or that enforcing the waiver would work a miscarriage of justice in this case. During the Change of Plea Hearing, the Court explicitly asked Petitioner if he was satisfied with the job that his attorney had done for him so far, and Petitioner answered affirmatively. Tr. (Doc. 103) at 4-5. Moreover, as described more fully above, Petitioner acknowledged during the Change of Plea Hearing that he was waiving his right to file a motion under § 2255, and expressed no misunderstanding with regard

to such waiver.  See id. at 13.  To the extent Petitioner purports to challenge his counsel's effectiveness by pointing to the quantity of drugs attributed to him at sentencing, the parties explicitly stipulated to this amount in their signed plea agreement.  Indeed, the stipulation allowed Petitioner to plead guilty to a lesser included offense and escape a ten-year mandatory minimum sentence.  Moreover, at the Change of Plea Hearing, the Government provided a summary of its evidence, including the amounts of heroin involved in the investigation.  See id. at 18-20.  When asked by the Court if he agreed with the Government's summary of what he did, Petitioner answered affirmatively.  See id. at 20.

In sum, there is simply no indication in the record that Petitioner's § 2255 waiver in his plea agreement was the product of ineffective assistance of counsel.  To the contrary, the record shows that Petitioner knowingly and voluntarily waived his right to file a § 2255 motion and was sentenced to the exact term of imprisonment explicitly agreed upon by the parties.  Under these facts, the Court cannot possibly find that enforcing Petitioner's waiver in these circumstances would work a miscarriage of justice, even in light of Petitioner's unsupported allegations of ineffective assistance of counsel.

Having found that Petitioner knowingly and voluntarily waived his right to file a motion to vacate under 28 U.S.C. § 2255 and that enforcing such waiver would not work a miscarriage of justice, the Court will enforce the waiver and grant the Government's Motion to Dismiss (Doc. 100).  Accordingly, Petitioner's Motion to Take Judicial Notice of Adjudicative Facts (Doc. 98) and Motion for Discovery under MAS Rule 6(a) (Doc. 99), which relate to the quantity of drugs attributed to him, will be denied as moot.  Moreover, no certificate of appealability will issue because jurists of reason would not find the Court's conclusion debatable.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## II. ORDER

Consistent with the foregoing, the Government's Motion to Dismiss (**Doc. 100**) is hereby **GRANTED**, Petitioner's § 2255 Motion (**Doc. 97**) is **DENIED**, and Petitioner's Motion to Take Judicial Notice of Adjudicative Facts (**Doc. 98**) and Motion for Discovery (**Doc. 99**) are **DENIED AS MOOT**. A certificate of appealability will not issue.

IT IS SO ORDERED.

January 14, 2015

s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

Sherron Whitehead
33507-068
FCI McKean
PO Box 8000
Bradford, PA 16701